Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **Jade Riley Burch,**<br><br>Plaintiff, Pro Se,<br><br>vs.<br><br>**Navy Federal Credit Union; Speedy Recovery, Inc.; Victory Recovery Services, Inc; and Does 1–10,**<br><br>Defendants. | **Case No.:** 2:25-cv-01897-MMD-DJA<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.** |

## INTRODUCTION

Plaintiff Jade Riley Burch respectfully moves for partial summary judgment on liability against Defendant Speedy Recovery, Inc. ("Speedy") under Federal Rule of Civil Procedure 56. This motion seeks adjudication of liability only, leaving damages for later determination.

This motion is based on the following Memorandum, the Declarations of Jade Riley Burch and Porscha Ryan, Speedy's sworn Answers (admissible under Fed. R. Evid. 801(d)(2)), all attached exhibits, and the entire record.

**MEMORANDUM IN SUPPORT OF MOTION**

**I. INTRODUCTION**

This motion is based on undisputed facts established by Plaintiff's declarations and Defendant Speedy Recovery, Inc.'s sworn statements in its Answers. The material issues presented are liability-only and can be resolved without additional discovery because Speedy's admissions and the record evidence eliminate any genuine dispute of material fact.

On June 18, 2025, Speedy Recovery seized Plaintiff's vehicle from a marked ADA-accessible parking space. (Burch Decl. § III.A). A disability placard was displayed in plain view, hanging from the rearview mirror. (Id.; Ryan Decl. § II).

The repossession occurred in 106°F heat and deprived Plaintiff of prescription medications stored inside the vehicle, including temperature-sensitive insulin and anti-seizure medication. (Burch Decl. § II; Ex. F). Plaintiff relied on the vehicle's climate control to maintain safe storage temperatures for those medications.

Shortly after discovering the vehicle had been taken, Plaintiff suffered a seizure. (Burch Decl. § III.C; Ryan Decl. § III).

When Plaintiff retrieved her personal property from Speedy's facility, it was returned in several hot blue trash bags, without inventory or documentation. (Burch Decl. § IV). Speedy's sworn statements in both its original Answer and its Answer to the First Amended Complaint confirm it repossessed the vehicle from a marked accessible parking space with a disability placard

Burch v. Navy Federal Credit Union, et al.
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.

displayed, that temperatures were high, its policy of storing vehicles outdoors, and denying owners access to the lot. (Ex. D.)

Its conduct breached duties imposed by Nevada law. The record conclusively establishes that Speedy is liable on Count III (Wrongful Repossession/Conversion), Count IV (Trespass to Chattels), Count V (Negligence), and Count XI (FDCPA).

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is 'genuine' only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The moving party may discharge its burden by showing an absence of evidence to support the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Burch v. Navy Federal Credit Union, et al.
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.

### III. SPEEDY'S ANSWERS ARE ADMISSIBLE

Speedy has filed two Answers in this case: its Answer to the original Complaint (ECF No. 15) and its Answer to the First Amended Complaint (ECF No. 40). Both contain admissions that are admissible against Speedy.

Plaintiff's First Amended Complaint superseded the original complaint, but the evidentiary effect of Speedy's sworn statements in its prior Answer remains. An earlier pleading, even if superseded, is admissible against the pleader as an admission of a party-opponent under Fed. R. Evid. 801(d)(2). *See United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (superseded pleadings admissible as evidentiary admissions). Speedy's Answers (Ex. D) contain factual statements about its business practices and the circumstances of the repossession that corroborate the declarations submitted by Plaintiff and Ms. Ryan.

Burch v. Navy Federal Credit Union, et al.
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.**

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

**Fact:** A disability placard was displayed in plain view, hanging from the rearview mirror, while the vehicle was parked in a marked accessible parking space. **Evidence:** Burch Decl. § III.A; Ryan Decl. § II; Ex. D (FAC Answer ¶¶ 2, 36).

**Fact:** Plaintiff's vehicle contained temperature-sensitive prescription medication. **Evidence:** Burch Decl. § II.

**Fact:** The daytime high temperature in Las Vegas on June 18, 2025 was 106°F. **Evidence:** Ex. F (National Weather Service Report); Ex. D (FAC Answer ¶ 37).

**Fact:** After being deprived of access to her medications, Plaintiff suffered a seizure. **Evidence:** Burch Decl. § III.C; Ryan Decl. § III.

**Fact:** Speedy denied Plaintiff direct access to her vehicle and personal property. **Evidence:** Burch Decl. § IV.A; Ex. D (Orig. Answer ¶ 36).

**Fact:** Speedy's standard policy is to store repossessed vehicles outdoors. **Evidence:** Ex. D (Orig. Answer ¶ 50).

**Fact:** Plaintiff's property was returned in bags that were physically hot to the touch. **Evidence:** Burch Decl. § IV.B; Ryan Decl. § IV.

**Fact:** Speedy failed to return two cases of ramen noodles kept as an emergency carbohydrate source. **Evidence:** Burch Decl. § IV.C; Ryan Decl. § IV.

*Burch v. Navy Federal Credit Union, et al.*
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.**

**Fact:** Speedy provided no inventory, receipt, or documentation for Plaintiff's property.

**Evidence:** Burch Decl. § IV.D; Ryan Decl. § IV.

---

### V. LEGAL ARGUMENT

**A. The Repossession Violated NRS 104.9609(2) Because it Was Accomplished Through a Breach of the Peace.**

Nevada's Uniform Commercial Code permits nonjudicial repossession only if it is conducted without breach of the peace. NRS 104.9609(2). A breach of the peace occurs when repossession is undertaken at an unreasonable time or in an unreasonable manner. *Droge v. AAAA Two Star Towing, Inc.*, 468 P.3d 862, 874 (Nev. Ct. App. 2020) (adopting Restatement reasonableness standard).

The visible disability placard placed Speedy on notice that the vehicle was associated with a person with disabilities and heightened medical risk, which is relevant to whether the repossession was conducted in a reasonable manner. (Burch Decl. § III.A; Ryan Decl. § II; Ex. D, FAC Answer ¶¶ 2, 36.)

Plaintiff's vehicle was seized from a marked ADA-accessible parking space while a disability placard was displayed in plain view. (Burch Decl. § III.A; Ryan Decl. § II; Ex. D, FAC Answer ¶¶ 2, 36.) The vehicle contained medications used to manage seizure disorder, diabetes, and hypertension. (Burch Decl. § II.) The daytime high temperature on June 18, 2025 was 106°F.

Burch v. Navy Federal Credit Union, et al.
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.

(Ex. F.) Shortly after discovering the repossession, Plaintiff suffered a seizure. (Burch Decl. § III.C; Ryan Decl. § III.) On these undisputed facts, the repossession was conducted in an unreasonable manner and therefore constitutes a breach of the peace under NRS 104.9609(2).

**B. Speedy is Liable for Trespass to Chattels.**

Trespass to chattels occurs with the intentional interference of another's possessory interest in personal property. *See M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 910, 193 P.3d 536, 542 (2008). Speedy admits it repossessed Plaintiff's vehicle on June 18, 2025. (Ex. D, Orig. Answer ¶ 1; FAC Answer ¶ 2.) By doing so, Speedy intentionally exercised dominion and control over Plaintiff's vehicle and its contents and interfered with Plaintiff's possessory interest in both. (Burch Decl. § III.A; § IV.) The interference deprived Plaintiff of the use of her vehicle and medications, causing physical injury, a seizure, and the disposal of prescription medication.

**C. Speedy Breached Its Duty of Reasonable Care Over Plaintiff's Property.**

A party in possession of collateral has a statutory duty "to exercise reasonable care in the custody and preservation" of the property. NRS 104.9207. Nevada law recognizes a duty of ordinary care where a party takes possession of another's property. *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996). The undisputed facts show Speedy breached this duty.

Speedy stored the vehicle outdoors in 106°F heat, consistent with its admitted company policy. (Ex. D, Orig. Answer ¶ 50; FAC Answer ¶ 37; Ex. F). A professional repossession company operating in Las Vegas in June necessarily understands the risks posed by extreme heat to medications and personal property stored in vehicles. This exposed Plaintiff's temperature-sensitive medications to destructive conditions. (Burch Decl. § IV.B, C).

Plaintiff was also denied access to her own vehicle, which prevented her from mitigating the damage. (Burch Decl. § IV.A; Ex. D, Orig. Answer ¶ 36). Speedy admits this denial of direct access is its standard policy applicable to all customers. (Ex. D, Orig. Answer ¶ 36.) Plaintiff therefore had no opportunity to retrieve her medications before they were destroyed by heat exposure.

Finally, Speedy's failure to create any inventory or documentation is inconsistent with reasonable care in custody and preservation of property and supports negligence under NRS 104.9207. (Burch Decl. § IV.D; Ryan Decl. § IV.) These breaches were the actual, foreseeable, and proximate cause of Plaintiff's damages.

**D. Speedy Violated the FDCPA.**

The FDCPA prohibits a "debt collector" from dispossessing property if "there is no present right to possession of the property." 15 U.S.C. § 1692f(6)(A). Repossession companies are "debt collectors" for purposes of § 1692f(6) when enforcing security interests. *See Glazer v. Chase Home Fin.*, 704 F.3d 453, 464–65 (6th Cir. 2013). Whether a repossessor has a "present right to possession" is determined by reference to state law. *Richards v. PAR, Inc.*, 954 F.3d 965, 968

Burch v. Navy Federal Credit Union, et al.
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.

(7th Cir. 2020). Under Nevada law, a repossessor proceeding without judicial process has a present right to possession only if the repossession proceeds without breach of the peace. NRS 104.9609(2). A breach of the peace therefore extinguishes the present right to possession, and taking the property anyway violates § 1692f(6)(A). *See Richards*, 954 F.3d at 968.

As demonstrated in Section V.A, Speedy's repossession was accomplished through a breach of the peace under NRS 104.9609(2). A repossession conducted in such an unreasonable manner is wrongful and extinguishes any present right to possession under Nevada law. Because Speedy had no present right to possession, its seizure of the vehicle violated § 1692f(6)(A).

**E. Speedy's Denials Do Not Create a Genuine Dispute of Material Fact.**

Speedy's Answers consist almost entirely of blanket denials unsupported by any factual assertions. Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986), a party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Bare denials and legal conclusions do not create genuine disputes of material fact and therefore do not preclude summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Speedy has offered no evidence to contradict the declarations of Plaintiff and Ms. Ryan, nor has it disputed its own admissions regarding its policies and conduct.

**Burch v. Navy Federal Credit Union, et al.**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.**

## VI. CONCLUSION

The undisputed facts establish liability as a matter of law. Plaintiff seeks summary adjudication on liability only; damages and the amount of loss are reserved for later proceedings. Plaintiff requests entry of an order granting partial summary judgment on liability on Counts III, IV, V, and XI against Speedy Recovery, Inc., with damages to be determined later.

DATED: December 15, 2025

Respectfully submitted,

/s/ Jade Riley Burch
**Jade Riley Burch**
**Plaintiff, Pro Se**

## INDEX OF EXHIBITS

- **Exhibit A:** Declaration of Jade Riley Burch

- **Exhibit D:** Relevant Excerpts from Speedy Recovery, Inc.'s Answers (ECF Nos. 15 & 40) (Party-Opponent Admissions Under Fed. R. Evid. 801(d)(2))

- **Exhibit F:** National Weather Service Report for Las Vegas, NV (June 18, 2025)

- **Exhibit H:** Declaration of Porscha Ryan

*Burch v. Navy Federal Credit Union, et al.*
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I caused the foregoing document, **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT SPEEDY RECOVERY, INC.**, together with all supporting exhibits, to be served as follows:

☒ By filing with the Court's CM/ECF system, which will send notice to all counsel of record who are registered CM/ECF users.

DATED: December 15, 2025

/s/ Jade Riley Burch
**Jade Riley Burch**
Plaintiff, Pro Se

# EXHIBIT A

**EXHIBIT A**

**DECLARATION OF JADE RILEY BURCH**

I, Jade Riley Burch, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

## I. BACKGROUND

1. I have personal knowledge of the facts stated in this Declaration.

2. I am the Plaintiff in this action and the owner of the 2021 Tesla Model 3 (VIN ending in 9112).

3. I have multiple medical conditions, including a seizure disorder, mobility impairments, severe hypertension, and Type 2 diabetes requiring temperature-sensitive insulin.

4. Due to my medical conditions, I possess a valid Nevada disability parking placard.

## II. MEDICATIONS AND EQUIPMENT IN VEHICLE

1. My Tesla functions as a climate-controlled storage unit for my medication. My prescribed medications have storage requirements printed on pharmacy labeling instructing that they must be kept below 86°F.

2. On June 18, 2025, my vehicle contained: my Humalog insulin pen, an EpiPen auto-injector, a prescription albuterol inhaler, Ativan (anti-seizure medication), Amlodipine (blood pressure medication), and other prescriptions.

3. The vehicle also contained two cases of ramen noodles as an emergency carbohydrate source for diabetic blood sugar crashes.

## III. EVENTS OF JUNE 18, 2025

**A. Parking in the Accessible Space**

1. On June 18, 2025, my caretaker and MPOA, Porscha Ryan, and I had a medical appointment in Downtown Summerlin. I parked my Tesla in a clearly marked accessible parking space.

2. I displayed my valid disability placard by hanging it from the rearview mirror, where it was clearly visible.

**B. Discovering the Vehicle Was Gone**

1. We were away from the vehicle for approximately 45-60 minutes. When we returned, the vehicle was gone.

2. I opened my Tesla mobile application and observed that my vehicle was in motion on a tow truck traveling northbound away from my location. At that time, I did not know why the vehicle was being moved and initially believed it may have been stolen or towed due to a report related to parking. I had received no prior notices, warnings, or communications suggesting that a repossession was pending. Only afterward did I realize the vehicle was being repossessed.

**C. My Medical Emergency**

1. I immediately panicked, realizing all my prescription medications were in the vehicle.

2. The temperature that day was 106°F. The extreme stress and heat, combined with the loss of access to my anti-seizure medication, are known triggers for my seizures.

3. Shortly after discovering that my vehicle was missing, I suffered a seizure. Porscha Ryan witnessed the seizure and administered emergency oxygen.

### IV. PROPERTY RETRIEVAL FROM SPEEDY RECOVERY

**A. Denial of Access**

1. Several days later, I went to Speedy Recovery's facility at 4517 Vandenberg Drive to retrieve my belongings.

2. A Speedy employee informed me that, per "company policy," I was not allowed to enter the lot to access my vehicle. I was forced to wait outside the gate.

**B. The Hot Blue Bags**

1. An employee returned with my belongings in several large blue trash bags.

2. The bags were physically hot to the touch, as if they had been sitting in direct sunlight in a hot vehicle. Porscha later confirmed the bags were still hot when I returned home.

**C. Destroyed and Missing Property**

1.  At home, Porscha and I opened the bags. I removed my insulin pen, EpiPen, inhaler, and other prescription bottles. My disability placard was also in one of the bags.

2.  The two cases of ramen noodles from my trunk were missing and never returned.

3.  Knowing the medications had been exposed to destructive heat, I concluded they were unsafe and disposed of all of them.

**D. No Inventory or Documentation**

1.  Speedy provided no written inventory, list, or receipt for the items taken from my vehicle. There was no documentation of what was collected or returned.

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Las Vegas, Nevada.

Jade Riley Burch

# EXHIBIT H

**EXHIBIT H**

**DECLARATION OF PORSCHA RYAN**

I, Porscha Ryan, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge:

### I. BACKGROUND

1. I am Jade Riley Burch's primary caretaker and her designated Medical Power of Attorney. I am intimately familiar with her medical conditions and am trained to provide emergency assistance during her seizures.

### II. EVENTS OF JUNE 18, 2025

1. On June 18, 2025, I accompanied Jade to a medical appointment in Downtown Summerlin.

2. I witnessed Jade park in a marked accessible space and hang her blue disability placard from the rearview mirror. It was clearly visible.

3. When we returned, the car was gone. I saw Jade use her Tesla app to track the car on a tow truck.

### III. JADE'S MEDICAL EMERGENCY

1. Jade became extremely panicked and stated aloud that her insulin, inhaler, and other medications were in the repossessed car.

2. The temperature was extremely hot. I later confirmed from the National Weather Service report attached as Exhibit F that the daytime high temperature was 106°F.

3. Within approximately 30 minutes, Jade suffered a seizure. I recognized it immediately and administered emergency oxygen.

## IV. CONDITION OF RETURNED PROPERTY

1. A few days later, Jade was on the phone with me while at Speedy Recovery's facility. She told me they would not let her into the yard to see her car.

2. When Jade returned home, she had several large blue trash bags. I personally touched the bags; they were very hot.

3. I was present as Jade opened the bags. I saw her remove her medications and disability placard.

4. I heard Jade state the medications were ruined from heat and witnessed her dispose of them.

5. I confirm that the two cases of ramen noodles were not in the bags.

6. I confirm that no inventory list or any other paperwork came with the bags.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Las Vegas, Nevada.

**Porscha Ryan**
**Medical Power of Attorney**
**(Jade Riley Burch)**

Page **2** of **2**
**EXHIBIT H**
**DECLARATION OF PORSCHA RYAN**

# EXHIBIT D

## **EXHIBIT D**

### **RELEVANT EXCERPTS FROM SPEEDY RECOVERY, INC.'S ANSWERS**

The following are verbatim excerpts from pleadings filed by Defendant Speedy Recovery, Inc., offered as admissions of a party-opponent under Fed. R. Evid. 801(d)(2):

1. **Original Answer** filed November 12, 2025 (ECF No. 15)
2. **Answer to First Amended Complaint** filed December 15, 2025 (ECF No. 40)

The Original Answer is admissible as an admission of a party-opponent under Fed. R. Evid. 801(d)(2) even though later superseded. *See United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984).

---

### **PART I: ORIGINAL ANSWER (ECF No. 15, Nov. 12, 2025)**

**1. Admission of Repossession (Orig. Answer ¶ 1)**

"Speedy admits only that, on or about June 18, 2025, it repossessed a Tesla Model 3 pursuant to a lawful repossession order authorizing recovery of the vehicle in the State of Nevada."

---

**2. Admission of ADA Space and Disability Placard (Orig. Answer ¶ 26)**

"Speedy admits only that at the time of the repossession on June 18, 2025, the Tesla referenced in the Complaint was parked in a designated accessible parking space and displayed a disability placard."

---

**3. Admission of Policy Denying Direct Access to Vehicles (Orig. Answer ¶ 36)**

"Speedy admits only that, consistent with its standard safety and security policies applicable to all customers, individuals are not permitted direct access to repossessed vehicles. Speedy further admits that, in accordance with its standard procedures, an owner's personal property is collected from repossessed vehicles, placed in blue bags for identification and safekeeping, and made available for the owner's retrieval."

---

**4. Admission of Outdoor Storage Policy (Orig. Answer ¶ 50)**

"Speedy admits only that the vehicle referenced in the Complaint was stored outdoors at its secured storage facility consistent with its standard company policy, and that weather conditions in Las Vegas, Nevada, can be hot during the month of June."

**5. Admission Regarding Claimed Inventory and Awareness of Medical Items (Orig. Answer ¶ 61)**

"Speedy admits only that certain personal items were located within the vehicle at the time of repossession. Speedy states that no medical equipment or prescription medications were observed during the inventory of the vehicle and denies that it was aware of or took possession of any such items."

**PART II: ANSWER TO FIRST AMENDED COMPLAINT (ECF No. 40, Dec. 15, 2025)**

**6. Admission of Repossession from Accessible Space with Placard (FAC Answer ¶ 2)**

"Speedy admits only that on June 18, 2025, it repossessed a Tesla Model 3 vehicle pursuant to a repossession assignment authorizing recovery of the vehicle in the State of Nevada, and that the vehicle was located in a marked accessible parking space with a placard displayed at the time of repossession."

**7. Admission of Marked Accessible Space and Placard in Windshield (FAC Answer ¶ 36)**

"Speedy admits only that the vehicle referenced in the Complaint was parked in a marked accessible parking space in Las Vegas, Nevada, and that a placard was displayed in the vehicle's windshield at the time of repossession."

**8. Admission of High Temperatures (FAC Answer ¶ 37)**

"Speedy further admits only that, according to publicly available information, temperatures in Las Vegas, Nevada, on or about June 18, 2025, were high."

**<u>CERTIFICATION</u>**

I, Jade Riley Burch, declare under penalty of perjury that the foregoing excerpts are verbatim reproductions of statements contained in the Answers filed by Defendant Speedy Recovery, Inc. on November 12, 2025 (ECF No. 15) and December 15, 2025 (ECF No. 40).

Executed on December 15, 2025, at Las Vegas, Nevada.

/s/ Jade Riley Burch
**Jade Riley Burch**
Plaintiff, Pro Se

---

*Note: The complete Answers of Defendant Speedy Recovery, Inc. are available on CM/ECF at Docket Nos. 15 and 40. These excerpts are provided to highlight the specific admissions relevant to Plaintiff's Motion for Partial Summary Judgment against Defendant Speedy Recovery, Inc.*

# EXHIBIT F

Case 2:25-cv-01897-MMD-DJA    Document 43    Filed 12/15/25    Page 24 of 24



# Weather in Las Vegas, June 18

## June 18, 2025

| | Atmospheric conditions and temperature °F | RealFeel °F | Atmospheric pressure inHg | Wind speed mph | Humidity |
|---|---|---|---|---|---|
| Night | +90° | +90° | 27.7 | W  5.4 | 9% |
| Morning | +88° | +88° | 27.8 | SW 5.1 | 10% |
| Day | +106° | +106° | 27.8 | E  4.5 | 6% |
| Evening | +106° | +106° | 27.7 | E  8.5 | 2% |

## Bio-meteorological forecast

| | | |
|---|---|---|
| **Meteorological sensitivity index** | 4 | Strong reactions to the weather are possible by meteosensitive people. |
| **Effect of low pressure** | 1 | Low atmospheric pressure may affect some meteosensitive people. |
| **Geomagnetic conditions** | 2 | Solar activity may affect some sensitive people. |
| **Influence of solar activity** | 4 | Extreme risk of harm from unprotected sun exposure due to intense UV radiation, staying in shade during midday is recommended. |