Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Jade Riley Burch,**<br><br>        Plaintiff, Pro Se,<br><br>vs.<br><br>**Navy Federal Credit Union; Speedy Recovery, Inc.; Victory Recovery Services, Inc.; and Does 1–10,**<br><br>        Defendants. | **Case No.:** 2:25-cv-01897-MMD-DJA<br><br>**DECLARATION OF JADE RILEY BURCH IN RESPONSE TO DEFENDANT'S ALLEGATIONS REGARDING AUTHORSHIP, REPRESENTATION, AND PRO SE STATUS** |

## INTRODUCTION

I, Jade Riley Burch, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

### I. PURPOSE OF THIS DECLARATION

1. This Declaration is submitted in response to allegations raised by Defendant Navy Federal Credit Union ("NFCU") in its Motion to Stay Discovery (ECF No. 56) and Reply in Support of Motion to Strike (ECF No. 55), specifically: a. The allegation that Levi & Korsinsky LLP is "ghostwriting" my filings (ECF No. 55 at 5); b. The suggestion that I am "holding [my]self out to be an attorney" by using the title "Lead Litigator" (ECF No. 55 at 5-6); c. The implication that I have retained counsel while proceeding pro se (ECF No. 55 at 5); and d. Attempts to characterize my professional background in marketing technology as disqualifying or disreputable (ECF No. 56 at 7).

**Each of these allegations is false, misleading, or irrelevant. I address them below.**

## II. I AM NOT AN ATTORNEY AND HAVE NEVER CLAIMED TO BE

3. I am not an attorney. I am not licensed to practice law in Nevada or any other jurisdiction. I have never claimed to be an attorney, lawyer, counselor, or any variation thereof.

4. I am a pro se litigant. I represent myself in this matter. Every pleading I have filed identifies me as "PRO SE" in the caption and signature block. At no point have I suggested otherwise.

5. The term "Litigator" does not mean "attorney." NFCU's counsel cites Black's Law Dictionary for the proposition that a "litigator" is "[a] lawyer who prepares cases for trial." ECF No. 55 at 5-6. This is misleading. The word "litigate" means "to carry on a lawsuit" or "to contest in law." *See* Merriam-Webster Dictionary. A "litigator" is simply one who litigates. Pro se litigants—by definition—litigate their own cases. The term is not exclusive to attorneys. If the Court were to adopt NFCU's logic that only attorneys may "litigate," it would effectively nullify the right to self-representation guaranteed by 28 U.S.C. § 1654. Pro se litigants do not forfeit the English language describing their actions.

6. My title "Founder & Lead Litigator" refers to LitigatorOS. LitigatorOS is a litigation management software platform I founded and built. The title describes my role in developing and using that platform to manage my own litigation. It does not—and was never intended to—suggest I am a licensed attorney. The platform is designed for pro se litigants and small legal teams who need sophisticated case management tools.

7. If NFCU's counsel believed I was holding myself out as an attorney, the appropriate remedy would be a bar complaint or motion for sanctions—not a footnote in a motion to strike. The allegation is unsupported.

### III. LEVI & KORSINSKY IS NOT GHOSTWRITING MY FILINGS

8. I have never retained Levi & Korsinsky LLP. I have had no engagement, no retainer agreement, no attorney-client relationship, and no coordination with Levi & Korsinsky LLP regarding this litigation or any other matter.

9. I have never communicated with Levi & Korsinsky about this case. No attorney from Levi & Korsinsky has reviewed, edited, drafted, or contributed to any filing in this matter.

10. My reference to Levi & Korsinsky in settlement correspondence was informational, not representational. In my pre-suit settlement demand, I noted that Levi & Korsinsky has handled securities and consumer class actions and that NFCU's systemic practices might attract class action attention. This was a statement of fact about the legal landscape—not a claim that they represent me. Researching law firms that handle similar matters is standard due diligence, not evidence of ghostwriting.

11. The ghostwriting allegation is logically absurd. NFCU's counsel acknowledges that Levi & Korsinsky is a "securities class action firm." ECF No. 55 at 5. This is a consumer finance case involving vehicle repossession under the UCC, FDCPA, and state law. The suggestion that a securities firm would ghostwrite consumer protection pleadings for a pro se plaintiff is nonsensical on its face.

12. I am the sole author of all filings in this case. Every pleading, motion, brief, exhibit, and notice filed under my name was written by me, using my own research, my own analysis,

and my own proprietary tools. I demand that NFCU produce any evidence to the contrary. If it cannot, this Court should recognize the allegation for what it is: an unfounded attack on a pro se litigant's credibility.

### IV. I HAVE NOT CLAIMED ATTORNEY-CLIENT PRIVILEGE

13. NFCU's counsel asserts that my Exhibits "expressly preserve[] the [attorney-client] privilege." ECF No. 55 at 5. This is a mischaracterization.

14. Work product protection is not attorney-client privilege. The work product doctrine protects materials prepared in anticipation of litigation, regardless of whether the preparer is an attorney. *See* Fed. R. Civ. P. 26(b)(3). Pro se litigants may claim work product protection for their litigation preparation materials. *See, e.g.*, *In re Grand Jury Subpoena*, 220 F.R.D. 130, 144 (D. Mass. 2004) (noting work product doctrine applies to materials prepared by non-attorneys).

15. Any boilerplate privilege language in my exhibits reflects standard litigation practice, not a claim of attorney representation. I included such language out of an abundance of caution to preserve any applicable protections. This is what sophisticated litigants do. It does not imply—and should not be construed to imply—that I have retained counsel.

### V. MY PROFESSIONAL BACKGROUND ESTABLISHES MY CAPABILITY

16. NFCU's counsel attempts to discredit me by referencing my background in "email marketing" and characterizing me as a "spammer." ECF No. 56 at 7. This ad hominem attack is irrelevant and improper—but since NFCU raised it, I will address it.

17. I have nearly 30 years of experience in technology, data systems, and software development. My career includes:

| Company | Role | Period | Relevant Expertise |
|---|---|---|---|
| LitigatorOS | Founder & Lead Software Architect | Apr 2025–Present | Full-stack development, legal technology, AI integration, PACER automation, case management systems |
| Elusive Enterprises | Founder & Chief Growth Strategist | Aug 2014–Present | Data architecture, audience intelligence, segmentation infrastructure, compliance systems |
| PINKVIPER LLC | Founder | Jan 2022–Oct 2025 | AI-powered automation, real-time system integration, product architecture |
| 3 Ninja Media LLC | CEO | Aug 2020–Jul 2023 | Enterprise platform development, scalable delivery systems, compliance engineering |
| Eureka Global Enterprises | CEO / Co-Founder | Jan 2014–Jan 2022 | Self-learning systems, data-driven automation, real-time analytics |
| Elusive Marketing | Founder | Jan 1996–Jan 2022 | Large-scale data systems, deliverability infrastructure, targeting algorithms |

**18.** My background also includes a decade of consultation work with federal law enforcement, including the **FBI** and **DOJ**, on cybercrime matters. This engagement began after the FBI investigated my technical operations and subsequently recognized the value of my expertise. I consulted with federal agencies for approximately **ten years** on matters I am not at liberty to discuss. My own FOIA request for related records was denied under Exemption 7(E), which protects law enforcement techniques and procedures. This background further demonstrates my expertise in analyzing complex systems, identifying patterns of fraudulent conduct, mapping organizational structures, and producing detailed investigative documentation—precisely the skills reflected in my filings.

19. These skills directly support my ability to prosecute complex litigation. Analyzing corporate structures, identifying patterns across large datasets, building automated tracking systems, and producing sophisticated documentation are exactly the skills I developed over three decades—and exactly the skills required to prosecute this case without outside assistance.

20. The characterization of my work as "spamming" is unsupported and irrelevant to this litigation. My companies provided legitimate email marketing services to businesses. I trained thousands of professionals, published books on digital marketing strategy, and built platforms that served enterprise clients. NFCU's counsel's attempt to smear my professional reputation with a decades-old internet forum post, while ignoring my documented consulting work for federal law enforcement, is not only irrelevant but demonstrates a reckless disregard for factual accuracy and the dignity of these proceedings.

## VI. FORENSIC VERIFICATION OF AUTHORSHIP

21. Should the Court require verification of authorship, I am prepared to provide forensic evidence including:

a. Document metadata showing creation timestamps, author identification, and modification history;

b. File version history documenting the iterative drafting process;

c. Cloud backup records with timestamps demonstrating when documents were created and saved; and

d. Research notes and source materials showing my independent work product.

22. I have already preserved this metadata and documentation in anticipation of this baseless allegation. I can provide it to the Court upon a simple request or motion. NFCU has produced zero evidence supporting the ghostwriting allegation. I can produce concrete evidence refuting it. The burden should not be on me to disprove a baseless accusation, but I am prepared to do so immediately if necessary.

### VII. NFCU'S ATTACKS ARE IMPROPER LITIGATION TACTICS

23. NFCU's counsel has devoted significant briefing to attacking my credibility, my professional background, my litigation activity, and my alleged connections to outside counsel—while producing no evidence to support any of these attacks.

24. These tactics distract from the merits of my claims and burden a pro se plaintiff with defensive litigation over unsupported allegations.

25. I respectfully request that this Court:

a. Reject NFCU's unsupported ghostwriting allegations;

b. Recognize that "litigator" is not a term exclusive to licensed attorneys;

c. Decline to penalize me for having a sophisticated professional background; and

d. Proceed to the merits of this case.

## VIII. CONCLUSION

**26.** I am Jade Riley Burch. I am not an attorney. I have never claimed to be an attorney. I represent myself in this matter.

**27.** No attorney, law firm, or third party—including Levi & Korsinsky LLP—has ghostwritten, reviewed, edited, or contributed to any filing in this case.

**28.** My filings reflect my own work, my own research, my own analysis, and my own expertise developed over nearly 30 years in technology, data systems, and software development.

**29.** The allegations raised by NFCU's counsel are unsupported by evidence and should be disregarded.

## IX. REQUEST FOR RELIEF

**30. WHEREFORE**, I respectfully request that the Court admonish counsel to refrain from making further personal attacks unsupported by evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on:** January 2, 2026
**Location:** Las Vegas, Nevada

/s/ Jade Riley Burch
**Jade Riley Burch**
Plaintiff, Pro Se
222 Karen Ave, Unit 1207
Las Vegas, NV 89109
(614) 725-9452
jaderburch@gmail.com