Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **Jade Riley Burch,** | **Case No.:** 2:25-cv-01897-MMD-DJA |
| Plaintiff, Pro Se, | |
| vs. | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| **Navy Federal Credit Union; Speedy Recovery, Inc.; Victory Recovery Services, Inc.; and Does 1–10,** | |
| Defendants. | |

## PRELIMINARY STATEMENT

Pursuant to the Court's December 31, 2025 Minute Order (ECF No. 54), the parties submit this Stipulated Discovery Plan identifying each party's position on disputed matters in compliance with Local Rule 26-1(a).

**Parties to this Stipulation:**

- Plaintiff Jade Riley Burch, Pro Se

- Defendant Navy Federal Credit Union, by counsel Akerman LLP (Scott R. Lachman)

- Defendant Speedy Recovery, Inc., by counsel Takos Law Group, Ltd. and Bassford Remele (Preandra S. Landrum)

**Note:** Defendant Victory Recovery Services, Inc. was served, failed to appear, and the Clerk entered default on January 5, 2026 (ECF No. 61). Plaintiff moved for default judgment against Victory on January 6, 2026 (ECF No. 64). Victory is not a participating party to this stipulation.

## I. PROCEDURAL POSTURE

On October 6, 2025, Plaintiff commenced this action by filing her original Complaint (ECF No. 1). On November 10, 2025, Navy Federal first appeared by filing a motion to dismiss (ECF No. 12). On November 12, 2025, Speedy first appeared by filing its Answer (ECF No. 15). On November 29, 2025, Plaintiff filed a First Amended Complaint, which the Court deemed the operative pleading (ECF Nos. 28 & 34). On December 15, 2025, Speedy filed its Answer to the First Amended Complaint (ECF No. 40), and Navy Federal filed a motion to dismiss the First Amended Complaint (ECF No. 41). Navy Federal's motion to dismiss is fully briefed (ECF Nos. 41, 43, & 65).

Additional non-discovery motions fully briefed include: Navy Federal's motion to strike Plaintiff's demonstrative exhibit (ECF Nos. 42, 45, & 55); Plaintiff's motion for partial summary judgment against Speedy (ECF Nos. 43, 62, & 63); and Plaintiff's motion to file a surreply to Navy Federal's motion to dismiss (ECF Nos. 66, 71, & 72).

**Burch v. Navy Federal Credit Union, et al.**
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

## II. COMMENCEMENT OF DISCOVERY - DISPUTED

**Plaintiff's Position:** Discovery may proceed as permitted by the Federal Rules. Plaintiff does not consent to any stay, and no motion operates as a self-executing pause. If the Court prefers that certain written discovery be served after entry of the Scheduling Order, Plaintiff requests prompt entry of the Scheduling Order and clarification that Rule 26(a)(1) disclosures remain due under Rule 26(a)(1)(C) absent court order. A stay as to NFCU would create inefficiency where Speedy Recovery has answered and discovery against that Defendant would proceed regardless. Even if a stay were granted as to Navy Federal, discovery must proceed as to Speedy, which has answered and has not filed its own motion to stay.

**Navy Federal's Position:** Navy Federal filed a Motion to Stay Discovery (ECF No. 56), which is fully briefed (ECF Nos. 56, 57, 67). Navy Federal incorporates arguments set forth in ECF Nos. 56 & 67. Navy Federal requests that discovery be stayed as to all defendants while its motion to dismiss is adjudicated. Navy Federal consents to the below discovery plan should its motion to stay be denied.

**Speedy's Position:** Speedy answered the First Amended Complaint and has not moved to stay discovery. Speedy does not take a position on Navy Federal's motion to stay discovery. Speedy notes that Navy Federal has a pending motion to dismiss, and that the Court's resolution of that motion may affect which claims, if any, remain in the case. Speedy therefore defers to the Court regarding the appropriate timing and scope of discovery in light of the pending motion.

Burch v. Navy Federal Credit Union, et al.
STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

### III. INITIAL DISCLOSURES (FRCP 26(a)(1)) - DISPUTED

On January 4, 2026, Plaintiff served initial disclosures. On January 12, 2026, Speedy served initial disclosures. On January 21, 2026, Navy Federal served initial disclosures.

**Plaintiff's Position:** Pursuant to Rule 26(a)(1)(C), initial disclosures are due within 14 days of the Rule 26(f) conference unless the parties stipulate otherwise or the Court orders a different timeline. The Rule 26(f) conference occurred on December 18, 2025. No stipulation deferring disclosures was reached. No Court order modified the deadline. Accordingly, initial disclosures were due January 1, 2026. Plaintiff served her initial disclosures on January 4, 2026. Plaintiff expressly preserves all rights under Rule 37(c)(1), including the right to seek exclusion of any witnesses or documents not timely disclosed and the right to seek sanctions for noncompliance.

On January 21, 2026, Navy Federal served initial disclosures that Plaintiff contends are deficient under Rule 26(a)(1). Plaintiff conducted a telephonic meet-and-confer with Navy Federal's counsel on January 20, 2026, and transmitted a formal written deficiency notice on January 21, 2026. The deficiencies include:

1. **Failure to Disclose Insurance Agreements (Rule 26(a)(1)(A)(iv)):** Navy Federal's disclosure states it is "unaware of any applicable insurance agreements." This is not credible. Production of insurance policies that may respond to a judgment is mandatory and automatic under the federal rules. Given the Enterprise allegations and the scope of this litigation, professional liability and indemnity policies undoubtedly exist. Navy Federal has failed to produce the policies or certify after reasonable inquiry that none exist.

2. **Failure to Provide Computation of Damages (Rule 26(a)(1)(A)(iii)):** Navy Federal claims it is "unaware" of any computation of damages, yet has characterized this matter in its motion practice, including its Motion to Stay Discovery (ECF No. 56). This contradiction suggests bad faith. At minimum, Navy Federal must disclose the damages it contends are at issue and the basis for that computation.

3. **Failure to Identify Specific Witnesses (Rule 26(a)(1)(A)(i)):** Navy Federal's disclosure lists only broad "Corporate Representatives" without identifying specific individuals. This is insufficient where the First Amended Complaint identifies specific departments—including the Collateral Risk team—that engaged in documented spoliation after receiving Plaintiff's litigation hold notice. Navy Federal must identify the individuals who: (a) accessed Plaintiff's litigation hold notice on August 11, 2025; and (b) authorized the disposition of the collateral after notice was received.

4. **Omission of Native Electronic Records:** Navy Federal's document disclosures omit native electronic records central to this case, including Tesla telemetry data, audit trails, and native electronic servicing notes. During the January 20, 2026 meet-and-confer, Plaintiff made clear that "litigation-ready" or modified PDFs do not satisfy Navy Federal's disclosure obligations. Navy Federal's continued omission of native ESI compounds the spoliation concerns already at issue in this litigation.

If Navy Federal fails to cure, Plaintiff will file a motion to compel under Rule 37(a) and seek sanctions under Rule 37(c)(1).

**Navy Federal's Position:** Navy Federal contends that initial disclosures were to be exchanged within 14 days of entry of the Scheduling Order based on discussions at the Rule 26(f)

conference. Navy Federal served initial disclosures on January 21, 2026, following a meet and confer. Navy Federal reserves the right to supplement its disclosures as the case proceeds. Navy Federal will address any allegations of deficiency should Plaintiff file a motion.

**Speedy's Position:** Speedy understood the parties' draft discovery plan following the Rule 26(f) meeting to reflect that initial disclosures would be exchanged 14 days after entry of a Scheduling Order. Consistent with that understanding, Speedy served its initial disclosures upon Plaintiff on January 12, 2026. Speedy does not concede that its disclosures were untimely and reserves all rights under the Federal Rules of Civil Procedure, including the right to supplement its disclosures pursuant to Rule 26(e). Speedy does not otherwise join the dispute between Plaintiff and Navy Federal regarding the timing or adequacy of Navy Federal's disclosures and takes no position on any relief Plaintiff may seek as to another defendant.

## IV. DISCOVERY CUT-OFF - DISPUTED

**Plaintiff's Position:** Plaintiff requests the standard 180-day discovery period running from entry of the Scheduling Order, because all appearing Defendants have responded to the operative pleading and no basis exists to delay case scheduling.

**Navy Federal's Position:** Navy Federal requests the standard 180-day discovery period, however that period should be stayed as to Navy Federal until its motion to dismiss is adjudicated. Should Navy Federal's motion be granted in full, Navy Federal will no longer be a party. Should the Court afford leave for Plaintiff to file a second amended complaint, Navy Federal should be given time to respond before discovery begins. Should the Court deny Navy

Federal's motion, Navy Federal should have the opportunity to answer the First Amended Complaint before engaging in discovery.

**Speedy's Position:** Speedy does not oppose entry of a standard 180-day discovery period running from the entry of the Scheduling Order and takes no position on Navy Federal's request for a discovery stay. Speedy submits that, if the Court determines that discovery should be phased or otherwise structured considering the pending motion to dismiss, coordinating the scope and timing of discovery may promote efficiency and avoid duplicative or unnecessary discovery.

### V. PHASE ONE DISCOVERY RESPONSES - DISPUTED

**Plaintiff's Position:** Phase One written discovery served upon Navy Federal and Speedy on January 7, 2026, shall be responded to 30 days after service or entry of a Scheduling Order, whichever is later.

**Navy Federal's Position:** The deadline for Navy Federal to respond to Phase One written discovery shall be stayed until adjudication of Navy Federal's motion to stay discovery. Should the motion to stay discovery be denied, then the deadline for Navy Federal to respond should be 30 days from the denial.

**Speedy's Position:** Speedy does not oppose responding to Plaintiff's Phase One written discovery in accordance with the Federal Rules of Civil Procedure. Speedy submits that, absent a Court-ordered stay applicable to Speedy, its response should be due 30 days after service or such other deadline as the Court may set in the Scheduling Order.

## VI. AMENDING PLEADINGS AND ADDING PARTIES - AGREED

Motions to amend pleadings or add parties shall be filed no later than 90 days prior to the discovery cut-off.

## VII. EXPERT DISCLOSURES (FRCP 26(a)(2)) - AGREED

- **Initial Expert Disclosures:** 60 days before the discovery cut-off.
- **Rebuttal Expert Disclosures:** 30 days before the discovery cut-off.

## VIII. DISPOSITIVE MOTIONS - AGREED

Dispositive motions shall be filed within 30 days after the discovery cut-off.

## IX. PRETRIAL ORDER - AGREED

The joint pretrial order shall be filed 30 days after the dispositive motion deadline. If dispositive motions are filed, the deadline shall be suspended until 30 days after decision on the dispositive motion or further court order. Fed. R. Civ. P. 26(a)(3) disclosures and any objections shall be included in the joint pretrial order.

## X. ELECTRONICALLY STORED INFORMATION (ESI) - DISPUTED

**Agreed:** The parties acknowledge their ongoing duty to preserve potentially relevant evidence, including ESI, native files, metadata, internal communications, logs, and records reasonably anticipated to be requested in discovery. The parties reserve the right to seek production in native format with metadata and to address ESI scope, custodians, and form of production through

meet-and-confer or motion practice. The parties also reserve their right to object to such production.

**Plaintiff's Position:** For purposes of this litigation, "Metadata" shall include file system metadata (e.g., file name, size, creation date, modification date, access date), application metadata (e.g., author, revision history, comments, tracked changes), and embedded metadata (e.g., GPS coordinates, device information, hidden data). Production of "native" files that have been scrubbed, sanitized, or altered to remove metadata does not satisfy Defendants' ESI obligations. Plaintiff has serious concerns regarding potential spoliation given the time elapsed since the events at issue, including NFCU's sale of the subject vehicle after receiving Plaintiff's written litigation hold. Plaintiff reserves all rights to seek appropriate relief under Rule 37(e), including sanctions and adverse inference instructions, should spoliation or preservation failures be discovered. Plaintiff requests that Defendants identify the date(s) litigation holds were implemented and the custodians and systems covered.

**Navy Federal's Position:** Navy Federal anticipates that issues relating to ESI and/or Metadata may be addressed through motion practice as they arise. Navy Federal reserves the right to address such issues during motion practice. At this time, Navy Federal does not identify any disputes regarding disclosure, discovery, or preservation of ESI. All rights and objections are reserved.

**Speedy's Position:** Speedy agrees that electronically stored information, if produced, may be produced in a reasonably usable form consistent with the Federal Rules of Civil Procedure. Absent agreement or Court order to the contrary, Speedy anticipates producing ESI in PDF or

*Burch v. Navy Federal Credit Union, et al.*
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

TIFF format with searchable text where applicable, and Excel spreadsheets in native format where necessary. Speedy does not anticipate significant ESI discovery. Issues relating to metadata, native production, custodians, scope, or form of production may be addressed through the meet-and-confer process if such issues arise. Speedy reserves all rights to object to any ESI requests that are disproportionate, unduly burdensome, or otherwise improper under the Federal Rules.

## XI. PRIVILEGE AND CONFIDENTIALITY - DISPUTED

**Plaintiff's Position:** Plaintiff is amenable to entry of a reasonable, narrowly tailored protective order that does not unduly restrict Plaintiff's ability to litigate her claims, share information with retained experts or consultants, file materials with the Court, or make good-faith reports to government agencies or respond to lawful inquiries. Plaintiff does not consent to blanket "confidential" designations, categorical withholdings, or any protective order that would impede her ability to prosecute this action. Any protective order must include a mechanism to challenge improper designations without undue burden.

**Navy Federal's Position:** Navy Federal anticipates seeking entry of an appropriate protective order governing confidential or proprietary information. Navy Federal reserves all rights to address privilege, confidentiality, or work-product issues as they arise. Discovery may involve the production of confidential or proprietary information, and the parties may seek entry of an order pursuant to Federal Rule of Evidence 502 to address issues of inadvertent disclosure.

**Speedy's Position:** Speedy anticipates that discovery may involve confidential, proprietary, or sensitive business information and agrees that an appropriate protective order may be necessary.

Burch v. Navy Federal Credit Union, et al.
STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

Speedy is amenable to meeting and conferring in good faith regarding a reasonable protective order consistent with the Federal Rules of Civil Procedure. Speedy reserves all rights and objections with respect to privilege, confidentiality, and work-product protections.

## XII. DISCOVERY CONFERENCE REQUESTED

Pursuant to LR 26-1(c), the parties jointly request a discovery conference with this Court to address the disputes set forth herein, including but not limited to: (1) commencement of discovery; (2) the timing and adequacy of initial disclosures; (3) Navy Federal's pending Motion to Stay Discovery (ECF No. 56); and (4) Phase One discovery response deadlines. The parties respectfully request that the Court schedule this conference at its earliest convenience.

## XIII. ALTERNATIVE DISPUTE RESOLUTION - AGREED

The parties met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation. The parties are open to mediation or alternative dispute resolution after substantial discovery has occurred, including at minimum: (1) completion of initial disclosures by all parties; (2) completion of Phase One foundational discovery; and (3) production of core documents.

## XIV. ALTERNATIVE FORMS OF CASE DISPOSITION - AGREED

The parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. At this time, the parties do not consent to these alternative forms of case disposition.

## XV. DISCOVERY LIMITATIONS - AGREED

No changes to the limitations on discovery imposed under the Federal Rules or Local Rules, subject to proportionality and relevance as discovery develops.

## XVI. RESERVATION OF RIGHTS

Plaintiff reserves all rights and remedies under Rules 26 and 37, including but not limited to:

- **Rule 37(c)(1):** exclusion of evidence and sanctions for failure to disclose

- **Rule 37(e):** sanctions and adverse inference instructions for spoliation

- **Rule 37(b):** sanctions for failure to comply with discovery orders

- **Rule 37(a)(5):** fees and costs for motions to compel

Defendants reserve all rights to address any issues that may arise during discovery. Nothing in this plan waives any claim, defense, objection, or right.

/s/ Jade Riley Burch
Jade Riley Burch
Pro Se Plaintiff
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
(614) 725-9452
jaderburch@gmail.com

/s/ Scott R. Lachman
Scott R. Lachman, Esq.
Akerman LLP
1180 North Town Center Drive Suite 290
Las Vegas, NV 89144
Counsel for Navy Federal Credit Union

/s/
Zachary P. Takos, Esq.
Takos Law Group, Ltd.
10785 West Twain Avenue, Suite 226
Las Vegas, NV 89135
Local Counsel for Defendant Speedy
Recovery, Inc.

/s/ Preandra S. Landrum
Preandra S. Landrum, Esq. (Pro Hac Vice Pending)
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Lead Counsel for Defendant Speedy
Recovery, Inc.

**Burch v. Navy Federal Credit Union, et al.**
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

## <u>ORDER</u>

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Case No. 2:25-cv-01897-MMD-DJA

**Burch v. Navy Federal Credit Union, et al.**
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**