SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: scott.lachman@akerman.com

*Attorneys for Navy Federal Credit Union*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JADE RILEY BURCH,<br><br>                    Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION; SPEEDY RECOVERY, INC.; AND DOES 1-10,<br><br>                    Defendants. | Case No.: 2:25-cv-01897-MMD-DJA<br><br>**NAVY FEDERAL CREDIT UNION'S RESPONSE TO MOTION FOR STATUS CONFERENCE AND REQUEST FOR RULING ON PENDING DEFAULT AND AMENDMENT POSTURE** |

Defendant Navy Federal Credit Union responds to Plaintiff Jade Riley Burch's motion for a status conference among other requests.  ECF No. 76.

As an initial matter, Plaintiff violated LR IC 2-2 by requesting a ruling on her default judgment motion against Defendant Victory Recovery Services Inc. and requesting leave to file a second amended complaint.  She also violated LR 15-1 by failing to attach the proposed third complaint.  *See Butte v. Washoe Cnty. Dist. Att'y Office*, No. 3:24-cv-00131-MMD-CSD, 2024 WL 2700604, at *5 (D. Nev. May 23, 2024).[1]  She also fails to explain her proposed amendments in sufficient detail to allow this Court to infer whether amendment would be futile.  *See Cato v. United States*, 70 F.3d 1103,

---

[1] The filing of multiple amended complaints and "pil[ing on] many frivolous motions and arguments on top of it" can support a finding of bad faith.  *Baker v. Meiling*, No. 3:20-cv-00518-MMD-CLB, 2022 WL 1059476, at *9 (D. Nev. Feb. 24, 2022); *Salley v. Truckee Meadows Water Authority*, No. 3:12-cv-00306-RCJ-WGC, 2015 WL 1414038, at *5 (D. Nev. March 27, 2015).  Navy Federal reserves the right to seek sanctions against Plaintiff based on her vexatious and objectively unreasonable conduct throughout this few-month-old litigation.  Navy Federal should not be "forced to litigate and absorb the cost of defending against [this] frivolous case[.]"  *Middleton v. Wells Fargo Bank, N.A.*, No. 2:21-cv-01936-CDS-VCF, 2022 WL 17833428, at *4 (D. Nev. Dec. 21, 2022).

85514946;1

1105 (9th Cir. 1995) ("it is clear that this complaint cannot be cured by amendment"); *see, e.g.*, *Harris v. Democratic Nat'l Comm.*, No. 2:25-cv-00428-MMD-NJK, 2025 WL 1189770, at *2 (D. Nev. April 24, 2025) ("Plaintiff does not attach a copy of his proposed, amended complaint in violation of LR 15-1, nor explain his proposed amendments in sufficient detail to allow the Court to reasonably infer that amendment would be anything other than futile.").[2]

In any event, this is a "straightforward" vehicle possession case that does not merit multiple amendments. ECF No. 57 at 6. Further, allowing Plaintiff to amend her complaint *again* would be prejudicial to Navy Federal who has already incurred significant expenses related to preparing multiple motions to dismiss and a motion to stay discovery. *See* ECF Nos. 12, 23, 41, 56, 65, & 67. Plaintiff attempts to delay adjudication of the pending motions, something that is not unique to this case. *See Burch v. HCA Healthcare, Inc.*, No. 2:25-cv-01408-JAD-MDC, ECF No. 72 at *2 (D. Nev. Feb. 3, 2026) ("Plaintiff respectfully requests that the Court defer ruling on the pending Motions to Dismiss, as the forthcoming Second Amended Complaint will supersede the operative pleading and moot the pending motions."); *but see LeBarron v. Interstate Grp., LLC*, No. 2:19-cv-01739-JCM-DJA, 2020 WL 2615900, at *3 (D. Nev. May 22, 2020) (although an amended complaint will ordinarily moot a pending motion to dismiss, there is an exception when the amended complaint is substantially identical to the original complaint (citing cases)); *Wright v. Incline Village Gen. Imp. Dist.*, 597 F.Supp.2d 1191, 1998 n.2 (D. Nev. Feb. 9, 2009) (considering the motion to dismiss as though it were addressed to the amended complaint).[3]

This Court should deny Plaintiff's requests on procedural grounds and in the interests of justice, or, alternatively, strike Plaintiff's requests for noncompliance with the local rules. *See Wallace v. Romney*, No. 3:12-cv-00167-MMD-VPC, 2013 WL 2153107 (D. Nev. May 16, 2013) ("As the court

---

[2] Plaintiff knows she must properly move for leave to amend, but choose not to here. *Burch v. HCA Healthcare, Inc.*, No. 2:25-cv-01408-JAD-MDC, ECF Nos. 74 & 75 (D. Nev. Feb. 21, 2026).

[3] *See also RH Kids, LLC v. U.S. Bank N.A.,* 2025 WL 3008320 (Nev. Ct. App. Oct. 27, 2025) ("While the general rule is that filing an amended complaint moots pending motions to dismiss, district courts are not required to reject a pending motion to dismiss after an opposing party has filed an amended complaint but rather may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are substantially identical to the original complaint." (internal quotations omitted and citing cases)).

has the ability to grant leave to amend 'when justice so requires,' Fed.R.Civ.P. 15(a)(2), this case does not present a situation when leave would be appropriate."); *see also* LR IA 11-8 (the Court may impose sanctions against a party who "[f]ails to comply with the[ ] Local Rules.").

Plaintiff also violated LR 78-1 by filing a separate motion requesting a hearing on Plaintiff's motion for default judgment against Defendant Victory Recovery Services, Inc.  ECF No. 64.[4] Notwithstanding, Navy Federal takes no position on whether a status conference is warranted on Plaintiff's default judgment motion.  Navy Federal understands that this Court disposes of pending civil motions in chronological order and none of the pending motions require expedited disposition.[5] This Court may schedule a status conference on Plaintiff's motion, as well as the other pending motions, should it determine such a conference is necessary.  *See* ECF Nos. 41, 42, 56, & 66; *see also* LR 78-1.  To the extent this Court schedules a conference, Navy Federal requests that it be set in Las Vegas or conducted virtually.

To "avoid unnecessary motion practice" and to "conserve judicial resources," ECF No. 76, at *1 & *3, this Court should encourage Plaintiff to review the local rules and comply with them going forward.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules of the court).  This Court should also encourage Plaintiff to "be patient and wait for the Court" the adjudicate the pending motions in due course, as its caseload allows.  *Shaw v. Davis*, No. 3:18-cv-00551-MMD-CLB, ECF No. 55, at *3 (D. Nev. May 12, 2020); *see Pelletier v. Rodriguez*, No. 3:17-cv-00642-MMD-EJY,

---

[4] Plaintiff filed her motion on January 6, 2026.  ECF No. 64.  Less than 90 days have lapsed since that filing.  *See* LR IA 7-1(a).  The LR IA 7-1 procedures are triggered "at the expiration of 90 days after any matter has been … fully briefed."  Plaintiff cannot use motion practice to circumvent the local rule.  *See Composite Res. Inc. v. Recon Med. LLC*, No. 2:17-cv-01755-MMD-VCF, 2019 WL 13177141, at *1 (D. Nev. July 22, 2019).

[5] Navy Federal requested an expedited hearing on its motion to stay discovery.  ECF Nos. 56 & 67. Through a meet-and-confer, Plaintiff agreed that Navy Federal's responses to her phase one and (newly served) phase two discovery are not due until 30 days after the Court issues a scheduling order, to the extent Navy Federal's motion to stay discovery is not granted.  *See* ECF 67-1 (Phase One Discovery). Thus, at the moment, there is no need for an expedited hearing or disposition on Navy Federal's stay motion.

85514946;1

2021 WL 1987527, at *1 at n.1 (D. Nev. May 18, 2021) (noting that "[t]he Court will address [ ] motions in due course").  After all, as Plaintiff acknowledges, this "federal litigation" is a merely "legal dispute[ ] operating within normal channels."  **Ex. 1** (*Philistine LLC v. Burch*, A-25-934201-C, Dkt. 55-1, at *8 (Nev. Dist. Ct. Feb. 16, 2026)).

DATED March 4, 2026.                    **AKERMAN LLP**

_/s/ Scott R. Lachman_
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144

*Attorneys for Navy Federal Credit Union*

85514946;1

4

**INDEX OF EXHIBITS**

Exhibit 1      *Philistine LLC v. Burch*, A-25-934201-C, Dkt. 65 (Nev. Dist. Ct. Feb. 16, 2026)

85514946;1