UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JADE RILEY BURCH,

Plaintiff,

v.

NAVY FEDERAL CREDIT UNION, *et al.*,

Defendants.

Case No. 2:25-cv-01897-MMD-DJA

ORDER

I.    **SUMMARY**

Pro se Plaintiff Jade Riley Burch sued Defendants Navy Federal Credit Union ("Navy Federal"), Victory Recovery Services, Inc. ("Victory"), and Speedy Recovery, Inc. ("Speedy"), bringing claims arising from the allegedly unlawful repossession of her vehicle. (ECF No. 28 ("Amended Complaint").)[1] Before the Court are Navy Federal's motion to dismiss (ECF No. 41 ("Motion")) and motion to strike (ECF No. 29 ("Motion to Strike")) Plaintiff's Notice of Filing of Demonstrative Exhibits (ECF No. 29.) For the reasons discussed below, the Court grants Navy Federal's Motion and Motion to Strike. The Court further denies all pending motions as moot.

II.    **BACKGROUND**[2]

On July 1, 2021, Plaintiff electronically signed a Loan Agreement with Navy Federal, taking a $59,790.84 financing loan for a new 2021 Model 3 Tesla. (ECF No. 41-

---

[1]Plaintiff responded (ECF No. 44) and Defendant replied (ECF No. 65). Plaintiff also filed a motion for leave to file sur-reply. (ECF No. 66 (Motion for Leave)). The Court will deny the Motion for Leave because such motions are generally discouraged, and the Court does not find good cause to permit leave here. *See* LR 7-2.

[2]The following facts are primarily adapted from the Amended Complaint. (ECF No. 28.) Navy Federal attached as an exhibit to its Motion a copy of the ePromissory Note, Security Agreement, and Disclosure ("Loan Agreement"). (ECF No. 41-1.) The Court considers this document as part of the pleading, because it forms the basis of certain of Plaintiff's claims. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating

1.)[3] At some point before July 25, 2024, Plaintiff defaulted on the Loan Agreement. (ECF No. 28 at 8.)

Between June 14 and June 16, 2025, Plaintiff was experiencing a medical crisis and suffered over 16 seizures for which she twice sought and was denied medical care. (*Id.* at 6.) One June 18, 2025, under the direction of Navy Federal, Speedy repossessed her vehicle, which was legally parked in a marked ADA-accessible space in Downtown Summerlin, Nevada. (*Id.* at 7.) Plaintiff's medications, including an EpiPen, inhaler, and Ativan were in the vehicle at the time. (*Id.*) Plaintiff was stranded in extreme heat without her medication, which caused her to suffer another seizure. (*Id.*) On June 26, 2025, Victory received Plaintiff's "ADA Disability Notice and Medical Risk Packet" and therefore Victory and Navy Federal had actual or constructive knowledge of Plaintiff's disability as of that date. (*Id.* at 5.)

While in Defendants' custody, the vehicle was stored improperly. Defendants failed to engage the vehicle's "Tow Mode" during transport, which allowed the battery to discharge and damaged the vehicle. (*Id.* at 7.) The battery degraded as a result, requiring a full battery replacement at an estimated cost of $12,000 to $18,000. (*Id.*) Plaintiff sent Navy Federal a litigation hold letter, but Navy Federal sold the vehicle, which destroyed evidence. (*Id.* at 8.)

Plaintiff subsequently filed complaints with the Consumer Financial Protection Bureau beginning in July 2025. (*Id.*) In September 2025, shortly after Defendants were served with the initial complaint, Navy Federal produced a "right to cure" letter dated July 25, 2024. (*Id.*) This letter is "implausible" because it predates Plaintiff's actual default. (*Id.*)

---

that a court may consider "documents incorporated by reference in the complaint"— including where the "document forms the basis of the plaintiff's claim"—without converting the motion to dismiss into a motion for summary judgment).

[3]The name of the applicant on the Loan Agreement is Joshua P. Burch. (ECF No. 41-1 at 2.) Plaintiff explains in her Response that she is transgender and this is her former name. (ECF No. 44 at 18.) Plaintiff does not identify at what point she changed her name.

Navy Federal also produced a Notice of Repossession that was addressed to Plaintiff's former name and address. (*Id.*)

Arising from these events, Plaintiff asserts 16 causes of action: (1) violation of the Nevada UCC (NRS § 104.9610) against Navy Federal and Does; (2) breach of contract and implied covenant of good faith and fair dealing against Navy Federal; (3) wrongful repossession and conversion against all Defendants; (4) trespass to chattels against Speedy; (5) negligence and negligence per se against all Defendants; (6) exploitation of a vulnerable person in violation of NRS § 41.1395; (7) violation of the Fair Credit Reporting Act ("FCRA") against Navy Federal; (8) violation of the Americans with Disabilities Act ("ADA") against all Defendants; (9) violation of the Equal Credit Opportunity Act ("ECOA") against Navy Federal; (10) intentional infliction of emotional distress against all Defendants; (11) violation of the Fair Debt Collection Practices Act ("FDCPA") against Speedy; (12) violation of the Nevada Deceptive Trade Practices Act against Navy Federal and Victory; (13) Negligent Hiring, Retention and Supervision against Navy Federal; (14) Unjust Enrichment in the alternative against Navy Federal; (15) negligence against Victory; and (16) violation of the ADA against Victory. (*Id.* at 9-17.)

III.    DISCUSSION

A.    Motion to Dismiss

Navy Federal moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41.)[4] *See* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint,

---

[4]Navy Federal also moves for dismissal because Plaintiff's Amended Complaint is an impermissible shotgun pleading in violation of Rule 8, contending that it recites general facts but fails to provide it and other Defendants with notice. (ECF No. 41 at 2-3.) The Court finds that the Amended Complaint is not so deficient as to violate Rule 8.

while legal conclusions are not entitled to the assumption of truth). Courts must liberally construe documents filed by *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (citation modified); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.")

Because Plaintiff brings this case under 28 U.S.C. § 1331 and invokes supplemental jurisdiction under 28 U.S.C. § 1367(a) over her remaining state law claims, the Court first considers her federal claims.

### 1.    ADA Claims

Navy Federal argues that Plaintiff's eighth claim—violation of sections 12181[5] and 12203 of the ADA—must be dismissed because Plaintiff has failed to plead any necessary elements. (ECF No. 41 at 9.) The Court agrees.

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

The Court finds that Plaintiff fails to state a claim. First, Plaintiff states in conclusory fashion that she is disabled but not the nature of her disability, and such "[t]hreadbare recitals of the elements of a cause of action. . . do not suffice." *Iqbal*, 556 U.S. at 678.

---

[5]Section 12181 is the statutory definitions section. Liberally construing Plaintiff's Amended Complaint, the Court believes that Plaintiff intended to state an ADA discrimination claim as in claim 16 against Victory.

Second, Plaintiff does not allege that Navy Federal owns, leases or operates any public accommodation. As Navy Federal argues, and the Court agrees, Navy Federal does not own, lease, or operate the parking spot from which her vehicle was repossessed. (ECF No. 41 at 9). Third, Plaintiff does not allege that Defendants discriminated against her because of her disability; she alleges that her vehicle was repossessed from an ADA-accessible parking space after she defaulted upon the Loan Agreement. Lastly, to the extent that Plaintiff seeks to bring a Section 12203(b) ADA interference claim, the Court finds that Plaintiff fails to state a claim as a matter of law because this provision only permits claims against employers. *See Post v. Trinity Health-Michigan*, 44 F.4th 572, 574 (6th Cir. 2022) (holding that this provision does not allow plaintiffs with disabilities to sue *any* entity, only employers).

Accordingly, the Court finds that Plaintiff fails to state her ADA claims.[6] The Court dismisses these claims with prejudice, because amendment would be futile.

### 2.    FCRA Claim

Navy Federal contends that Plaintiff has failed to state a claim because the Amended Complaint lacks any allegations that she submitted a dispute to a credit reporting agency and forwarded that dispute to Navy Federal. (ECF No. 41 at 8-9.) The Court agrees.

Section 1681 provides "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. 15 U.S.C. § 1681s-2(a). Certain duties, including reinvestigation of the disputed information, are imposed upon furnishers of information "upon notice of dispute." § 1681s-2(b). "These duties only arise after the furnisher receives notice of dispute from a CRA." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155 (9th Cir. 2009). Moreover, courts in this

---

[6]The Court *sua sponte* dismisses Plaintiff's ADA claim against Victory because it suffers from the same deficiencies above.

district have held that "[c]laims under section 1681s-2(b) and similar provisions of the FCRA require a consumer to show that the reported information was 'inaccurate.'" *Hunter v. Am. First Credit Union*, No. 2:24-CV-01960-APG-NJK, 2025 WL 2172446, at \*2 (D. Nev. July 31, 2025) (defining incorrect as "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions").

Plaintiff's allegations related to her FCRA claim are that Navy Federal "failed to conduct a reasonable investigation into the legal and factual basis of the reported debt" "after receiving notice from credit reporting agencies." (ECF No. 28 at 12.) Such conclusory allegations are insufficient to state a claim. Plaintiff states that she defaulted on the Loan Agreement and her Amended Complaint does not adequately state what reported credit information she found incorrect. Moreover, as Navy Federal points out, Plaintiff alleges that she filed complaints about Navy Federal with the Consumer Financial Protection Bureau (CFPB), not a CRA, and the CFPB is not a CRA. (ECF Nos. 28 at 8; 41 at 9.)

Therefore, the Court grants Navy Federal's Motion as to Plaintiff's FCRA claim. Because it appears that Plaintiff may be able to allege additional factual allegations to cure the deficiencies of her claim, the Court dismisses this claim without prejudice and with leave to amend.

### 3.    ECOA Claim

Navy Federal argues that to the extent Plaintiff attempts to state a discrimination claim under the ECOA, she fails because she was not wrongfully rejected for a loan despite her qualifications, and, to the extent that Plaintiff attempts to allege a ECOA notice violation, she fails because Navy Federal's alleged actions—failure to update Plaintiff's new name—is not an adverse action under the ECOA. (ECF No. 41 at 9-10.) The Court agrees.

The ECOA prohibits discriminations against an applicant for credit based on race, color, religion, national origin, sex or marital status, or age. *See* 15 U.S.C. § 1691(a). A credit applicant can bring a discrimination claim under Section 1691(a), or a claim for

inadequate notice under Section 1961(d) after a creditor has taken an "adverse action." *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210-11.

To the extent that Plaintiff pleads an ECOA discrimination claim, the Court agrees with Navy Federal that she fails to state a claim. Plaintiff does not allege herself to be an applicant for any credit transactions. Rather Plaintiff states that she applied for and received a loan, on which she subsequently defaulted. Since Plaintiff is not an applicant for credit, Plaintiff's claim fails. To the extent that Plaintiff pleads that she was given inadequate notice under the ECOA, Plaintiff's also fails to state a claim. Plaintiff alleges that Navy Federal unlawfully discriminated against her on the basis of her sex[7] by refusing to update her account records, causing her to miss critical communications and "contributing to the default and repossession." (ECF No. 28 at 13.) But Plaintiff fails to allege an adverse action under the meaning of the statute. *See* 15 U.S.C. § 1691(d)(6) (defining adverse action).

Accordingly, the Court grants Defendant's Motion and dismisses Plaintiff's ECOA claim. Out of an abundance of caution, dismissal is without prejudice and with leave to amend, if Plaintiff can allege additional factual allegations to support her claim.

### 4.    FDCPA Claim

Plaintiff brings a FDCPA claim against Speedy. (ECF No. 28 at 14-15.) Plaintiff alleges that Speedy is a debt collector under the FDCPA and violated the FDCPA because "there was 'no present right to possession of the property claimed as collateral'." (*Id*.) The Court considers this claim *sua sponte* in assessing the Court's subject matter jurisdiction.

The FDCPA provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including [t]aking or threatening to take

---

[7]Moreover, Plaintiff's invocation of *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2000) is unpersuasive. *Bostock* concerns sex discrimination occurring within the workplace under Title VII, but Plaintiff does not allege an employment relationship with Navy Federal and cannot invoke Title VII employment protections.

any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692(f)(6). Plaintiff does not plead factual allegations sufficient to support this claim. Indeed, Plaintiff has alleged that she entered into the Loan Agreement and defaulted upon it. (ECF No. 28 at 4, 8.) Moreover, the Loan Agreement provides that upon any default, Navy Federal may take action including "taking possession of all stated collateral." (ECF No. 41-1 at 3.) Accordingly, the Court finds that Plaintiff has failed to plead sufficient factual allegations to nudge her claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Accordingly, the Court dismisses this claim *sua sponte* because Plaintiff fails to plead a claim and cannot possibly win relief based on the factual allegations in the Amended Complaint. *See Shoop v. Deutsche Bank Nat. Trust Co.*, 465 Fed. App'x 646, 647 (9th Cir. 2012) (upholding district court's *sua sponte* dismissal for failure to state a claim without providing notice or opportunity to oppose dismissal where plaintiffs cannot possibly win relief). Dismissal is without prejudice and leave to amend, should Plaintiff be able to allege additional factual allegations to support her claim.

### 5. Remaining Claims

As discussed above, the Court considered Plaintiff's five federal law claims against Defendants and finds that Plaintiff has failed to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### B. Motion to Strike

Navy Federal moves to strike the entirety of Plaintiff's Notice of Filing Demonstrative Exhibits BP-1 and BP-2. (ECF Nos. 29, 29-1, 29-2.) Plaintiff purports to file these exhibits contemporaneously with her Amended Complaint and states that the exhibits "together comprise the [Navy Federal] Class Action Enterprise Blueprint." (ECF No. 28 at 2.) Plaintiff further states that the "exhibits are demonstrative only." (*Id.*)

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" means that "the matter has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). "Impertinent" means "allegations that are not responsive or irrelevant to the issues that arise in the action, and which are inadmissible as evidence." *Id.* Even liberally construing pro se Plaintiff's documents, *see Pardus*, 551 U.S. at 94, the Court finds that the notice and accompanying exhibits are immaterial and impertinent, and therefore are properly stricken. Accordingly, the Court grants Navy Federal's Motion to Strike.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Navy Federal's motion to dismiss (ECF No. 41) is granted. Plaintiff will have 30 days to file an amended complaint as to her FCRA, ECOA, and FDCPA claims only. Failure to timely file an amended complaint will result in the dismissal of the state law claims without prejudice for lack of subject matter jurisdiction. Alternatively, Plaintiff may file a notice within 30 days informing the Court that she does not wish to file an amended complaint and wishes to dismiss the remaining state law claims without prejudice and pursue her claims in state court.

It is further ordered that Plaintiff's motion for leave to file a sur-reply (ECF No. 66) is denied.

It is further ordered that Navy Federal's motion to strike (ECF No. 42) is granted. The Clerk of Court is directed to strike Plaintiff's Notice of Filing Demonstrative Exhibits (ECF No. 29) and accompanying exhibits (ECF Nos. 29-1, 29-2).

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 43) and motion for default judgment (ECF No. 64) are denied as moot.

It is further ordered that Navy Federal's motion to stay discovery (ECF No. 56) is denied as moot.

It is further ordered that Plaintiff's motion for status conference (ECF No. 76) is denied as moot.

DATED THIS 9th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE