Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Jade Riley Burch,**<br><br>Plaintiff, Pro Se,<br><br>vs.<br><br>**NAVY FEDERAL CREDIT UNION,** a federally chartered credit union; **SPEEDY RECOVERY, INC.,** a Nevada corporation; **ADESA U.S. AUCTION LLC,** a limited liability company; **MICHAEL RODRIGUEZ,** an individual; **ZANE CASE,** an individual; **MICHAEL WILLIAMS,** an individual; **CHRISTIAN HASTINGS,** an individual; and **DOES 1 through 8, inclusive,**<br><br>Defendants. | **Case No.:** 2:25-cv-01897-MMD-DJA<br><br>**STIPULATION AND JOINT MOTION FOR (1) SETTLEMENT CONFERENCE; (2) STAY OF UPCOMING DEADLINES PENDING SETTLEMENT CONFERENCE; AND (3) REQUEST TO PERMIT DEFENDANTS' PARTY REPRESENTATIVES TO APPEAR BY VIDEOCONFERENCE**<br><br>**EXPEDITED RELIEF REQUESTED** |

Plaintiff Jade Riley Burch, in proper person, and Defendants Navy Federal Credit Union ("NFCU") and Speedy Recovery, Inc. ("Speedy") (collectively, the "Appearing Parties"), by and through their respective counsel, jointly stipulate and move the Court for an order: (1) referring this matter to the assigned Magistrate Judge for a settlement conference at the Court's earliest available date; (2) staying the June 19, 2026 and June 24, 2026 deadlines set at ECF No. 102 pending the conference; and (3) permitting the party representatives of NFCU and Speedy, and any insurance representative(s) whose attendance is required, to attend the conference by videoconference.

For purposes of this Stipulation, NFCU and Speedy are referred to collectively as the "Appearing Defendants."

## I.  INTRODUCTION

Plaintiff's Third Amended Complaint is now pending (ECF No. 100); former Defendant Victory Recovery Services, Inc. has been dismissed with prejudice (ECF No. 104); and, of the remaining Defendants, only NFCU and Speedy have appeared. An early settlement conference, conducted before the Court enters a scheduling order and before further responsive pleadings are filed, presents a meaningful opportunity to resolve some or all of the claims among the Appearing Parties and to conserve the resources of the parties and the Court.

Given this request impacts fast approaching deadlines, the Appearing Parties respectfully request review on an expedited basis. Two reasons support expedited consideration. First, this is a joint request; no party opposes it. Second, the first affected deadline falls on June 19, 2026, and a ruling before that date is necessary for the requested stay to have its intended effect. Expedited treatment also serves judicial economy by allowing the Appearing Parties to redirect their efforts toward resolution rather than case management and discovery that the settlement conference may render unnecessary.

## II.  BACKGROUND

### A.  Procedural Posture

On May 20, 2026, the Court granted Plaintiff leave to file her Third Amended Complaint, which was entered the same day (ECF No. 100). The Court denied as moot Speedy's then pending motion to dismiss the Second Amended Complaint (ECF No. 99).

Former Defendant Victory Recovery Services, Inc. settled with Plaintiff and was dismissed with prejudice on June 2, 2026 (ECF No. 104).

The remaining Defendants are NFCU, Speedy, ADESA U.S. Auction, LLC ("ADESA"), and individual Defendants Michael Rodriguez, Zane Case, Michael Williams, and Christian Hastings. Of these, only NFCU and Speedy have appeared. ADESA was served with the Summons and Third Amended Complaint on June 8, 2026 (ECF No. 106), but has not yet appeared, and its response deadline is June 29, 2026. The individual Defendants have not yet been served. None of the non appearing Defendants are signatories to this Stipulation, and the relief sought does not affect any deadline or right as to them. Nothing in this Stipulation shall be construed as an appearance by, waiver of service by, or submission to the Court's jurisdiction by any non appearing Defendant.

No scheduling order is currently in effect. The parties' two prior proposed discovery plans were denied (ECF Nos. 54, 94). The Court's most recent Order (ECF No. 102) directs the parties to file a joint discovery plan and scheduling order by June 19, 2026, and sets the Appearing Defendants' deadline to answer or otherwise respond to the Third Amended Complaint on or before June 24, 2026.

**B. Disclosure of Prior Extensions**

Pursuant to LR IA 6 1, the Appearing Parties disclose that they have previously stipulated to extensions of the Appearing Defendants' deadline to respond to the Third Amended Complaint and of the deadline to submit a joint discovery plan. *See* ECF Nos. 89, 90, 94, 101, 102. This Motion does not seek a further routine extension. The Appearing Parties seek to hold two specific deadlines in abeyance pending a settlement conference so they may devote resources to resolution rather than to a discovery plan and to responsive pleadings or motions the conference may render unnecessary.

### III.  ARGUMENT

**A.  The Court Should Refer This Matter for a Settlement Conference.**

This District authorizes the Court to set any appropriate civil case for a settlement conference or another method of alternative dispute resolution. LR 16 5. Federal Rule of Civil Procedure 16(c)(2)(I) likewise identifies the facilitation of settlement as a proper subject of court action.

All Appearing Parties jointly request the conference. With the Third Amended Complaint now filed, the Appearing Parties share an interest in exploring resolution before incurring the time and expense of preparing a discovery plan, filing responsive pleadings or dispositive motions, and conducting discovery. A settlement conference at this stage is both appropriate and likely to be productive.

**B.  The Court Should Stay the June 19 and June 24, 2026 Deadlines Pending the Conference.**

A scheduling order may be modified for good cause with the Court's consent. Fed. R. Civ. P. 16(b)(4). The Court also possesses inherent authority to manage its docket, including the authority to hold deadlines in abeyance to promote efficiency. Good cause is plain here.

Requiring the Appearing Parties to prepare and file a joint discovery plan by June 19, 2026, and to answer or otherwise respond to the Third Amended Complaint by June 24, 2026, while simultaneously preparing for a settlement conference, would dissipate much of the efficiency the conference is meant to produce. Holding both deadlines in abeyance permits the parties to focus on a good faith settlement effort.

The requested stay is bounded. If the matter does not fully resolve at the conference, the Appearing Parties will submit a joint discovery plan and scheduling order, and the Appearing

Defendants shall answer or otherwise respond to the Third Amended Complaint, in accordance with any deadlines set by the Court following the settlement conference. No party is prejudiced, and the relief does not affect the non appearing Defendants.

**C.  The Appearing Defendants' Party Representatives Should Be Permitted to Appear by Videoconference.**

A settlement conference order ordinarily requires a party representative with full settlement authority to attend. Fed. R. Civ. P. 16(c)(1). The representatives with full settlement authority for NFCU and Speedy are located outside this District (NFCU's representative in Vienna, Virginia; Speedy's insurance representative in New Jersey). Requiring in person attendance at this early stage would impose cost and burden disproportionate to any incremental benefit. This District regularly conducts settlement conferences by Zoom video, and that practice does not diminish the effectiveness of the conference. The representatives will be available for the full duration of the conference and will hold complete authority to negotiate and resolve the matter as to their respective parties. Counsel for NFCU and Speedy are able and willing to appear in person.

Plaintiff resides in this District and will appear as the Court directs.

ADESA, Michael Rodriguez, Zane Case, Michael Williams, and Christian Hastings have not appeared to date; however, they are also welcome and encouraged to attend any settlement conference.

## IV.  CONCLUSION

The Appearing Parties respectfully request that the Court grant this Stipulation and Joint Motion on an expedited basis: (1) refer this matter for a settlement conference at the Court's earliest available date; (2) stay the June 19, 2026 and June 24, 2026 deadlines set at ECF No. 102

pending the conference; and (3) permit the party representatives of NFCU and Speedy to attend the conference by videoconference. A proposed order is submitted with this Motion.

DATED this 10th day of June, 2026.

/s/ Jade Riley Burch

**JADE RILEY BURCH**
Pro Se Plaintiff
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
(614) 725-9452
jaderburch@gmail.com

/s/

**ZACHARY P. TAKOS, ESQ.**
Takos Law Group, Ltd.
10785 West Twain Avenue, Suite 226
Las Vegas, NV 89135
*Local Counsel for Defendant*
*Speedy Recovery, Inc.*

/s/ Scott R. Lachman, ESQ.

**SCOTT R. LACHMAN, ESQ.**
Akerman LLP
1180 North Town Center Drive, Suite 290
Las Vegas, NV 89144
*Counsel for Navy Federal Credit Union*

/s/ Preandra S. Landrum, ESQ.

**PREANDRA S. LANDRUM, ESQ.**
(Pro Hac Vice Pending)
Bassford Remele, P.A.
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
*Lead Counsel for Defendant*
*Speedy Recovery, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10ᵗʰ day of June, 2026, I electronically filed the foregoing

**STIPULATION AND JOINT MOTION FOR (1) SETTLEMENT CONFERENCE; (2)**

**STAY OF UPCOMING DEADLINES PENDING SETTLEMENT CONFERENCE; AND**

**(3) REQUEST TO PERMIT DEFENDANTS' PARTY REPRESENTATIVES TO**

**APPEAR BY VIDEOCONFERENCE** with the Clerk of the Court using the CM/ECF system,

which served the following counsel of record by electronic means:


Scott R. Lachman, Esq.
**AKERMAN LLP**
1180 North Town Center Drive, Suite 290
Las Vegas, NV 89144
scott.lachman@akerman.com
*Attorneys for Defendant Navy Federal Credit Union*

Zachary P. Takos, Esq.
**TAKOS LAW GROUP, LTD.**
10785 West Twain Avenue, Suite 226
Las Vegas, NV 89135
zach@takoslaw.com
*Local Counsel for Defendant Speedy Recovery, Inc.*

Preandra S. Landrum, Esq.
**BASSFORD REMELE, P.A.**
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
plandrum@bassford.com
*Lead Counsel for Defendant Speedy Recovery, Inc.*

Jade Riley Burch
Plaintiff, Pro Se

**Jade Riley Burch**
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| **JADE RILEY BURCH,** | Case No. 2:25-cv-01897-MMD-DJA |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER** |
| NAVY FEDERAL CREDIT UNION, et al., | |
| Defendants. | |

Before the Court is the parties' *Stipulation and Joint Motion for (1) Settlement Conference; (2) Stay of Upcoming Deadlines Pending Settlement Conference; and (3) Request to Permit Defendants' Party Representatives to Appear by Videoconference* (the "Joint Motion").

Good cause appearing, **IT IS HEREBY ORDERED** that the Joint Motion is **GRANTED** as follows:

1. This matter is referred to the assigned United States Magistrate Judge for a settlement conference at the Court's earliest available date.

2. The June 19, 2026 deadline to file a joint discovery plan and scheduling order, and the June 24, 2026 deadline for Defendants Navy Federal Credit Union and Speedy Recovery, Inc. to answer or otherwise respond to the Third Amended Complaint, are **STAYED** pending the settlement conference. New deadlines, if needed, shall be set by further order of the Court following the conference.

3.  The party representatives of Navy Federal Credit Union and Speedy Recovery, Inc., and any insurance representative(s) whose attendance is required, may attend the settlement conference by videoconference. Counsel for those Defendants shall appear in person unless otherwise ordered.

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2026.


_____
**UNITED STATES MAGISTRATE JUDGE**