Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Jade Riley Burch,** | **Case No.:** 2:25-cv-01897-MMD-DJA |
| Plaintiff, Pro Se, | |
| vs. | |
| **NAVY FEDERAL CREDIT UNION,** a federally chartered credit union; **SPEEDY RECOVERY, INC.,** a Nevada corporation; **ADESA U.S. AUCTION LLC,** a limited liability company; and **DOES 1 through 8, inclusive,** | **STIPULATION AND ORDER FOR SETTLEMENT CONFERENCE AND TO EXTEND DEADLINE TO FILE JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| Defendants. | **(Fourth Request)[1]** |
| | **Expedited Consideration Requested** |

Plaintiff Jade Riley Burch, appearing pro se, and Defendants Navy Federal Credit Union, Speedy Recovery, Inc., and ADESA U.S. Auction, LLC, by and through their respective counsel of record, jointly request that the Court set this action for a settlement conference, permit the Defendants' party representatives to attend that conference by videoconference, and extend the deadline to file the Joint Discovery Plan and Scheduling Order, and state as follows.[2]

---

[1]LR IA 6-1(a) requires that the ordinal number of the request appear immediately below the title of the filing.

[2]The Court may, in its discretion and at any time, set any appropriate civil case for settlement conference. LR 16-5; *see also* Fed. R. Civ. P. 16(a)(5) (a purpose of pretrial conferences is "facilitating settlement"); Fed. R. Civ. P. 16(c)(2)(I) (the court may consider "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule"); 28 U.S.C. § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.").

## I. Recitals

1. On May 29, 2026, the Court granted the parties' first request to extend the deadline to file the Joint Discovery Plan and Scheduling Order and set that deadline for June 19, 2026. (ECF No. 102.)

2. Defendant ADESA U.S. Auction, LLC was served on June 8, 2026.

3. On June 10, 2026, the parties then appearing jointly moved for a settlement conference, for a stay of upcoming deadlines pending that conference, and for leave to permit the Defendants' party representatives and any required insurance representatives to attend the conference by videoconference. (ECF No. 107.) The Court denied the request on June 11, 2026, stating that it declines to conduct a settlement conference without all parties present, and denied the stay and videoconference requests as attendant to the request for a conference. (ECF No. 108.) ADESA had been served at that time but had not yet appeared.

4. On June 17, 2026, the Court granted the parties' second request to extend the deadline and set the deadline of August 6, 2026. (ECF No. 110.)

5. ADESA first appeared in this action on July 13, 2026, by filing its motion to dismiss the Third Amended Complaint (ECF No. 118) and its certificate of interested parties (ECF No. 119). All identified and served Defendants have now appeared.

6. On August 4, 2026, Plaintiff and counsel for all appearing Defendants conferred pursuant to Fed. R. Civ. P. 26(f). The parties discussed the proposed discovery schedule and the possibility of resolving this action through a court-conducted settlement conference.

7. On August 5, 2026, the parties filed their third stipulation to extend the deadline to file the Joint Discovery Plan and Scheduling Order from August 6, 2026, to August 13, 2026, so that ADESA could obtain the internal settlement authority necessary to participate meaningfully in a

settlement conference. The Court granted that stipulation and extended the deadline to August 13, 2026. (ECF Nos. 128, 129.) The parties agreed that they would determine no later than August 12, 2026, whether to jointly request a settlement conference and corresponding relief from that deadline.

8. On August 7, 2026, counsel for ADESA advised Plaintiff and counsel for the remaining Defendants that ADESA has conferred with its client and agrees to participate in a judicial settlement conference. The parties have accordingly made the determination contemplated by the third stipulation ahead of the August 12, 2026 date they set for themselves.

9. All parties agree that a court-conducted settlement conference offers a realistic prospect of resolving this action, in whole or in part, and that it should occur before the parties incur the cost of a full discovery schedule.

10. The parties jointly request that the Court set this action for a settlement conference at the earliest date convenient to the Court, and that the deadline to file the Joint Discovery Plan and Scheduling Order be extended to a date fourteen days after the conclusion of that conference. The parties further renew their request that the Defendants' party representatives and any required insurance representatives be permitted to attend the conference by videoconference.

11. This is the fourth request to extend the deadline to file the Joint Discovery Plan and Scheduling Order. The Court granted the first request by Order signed May 29, 2026 (ECF No. 102), the second request by Order signed June 17, 2026 (ECF No. 110), and the third request by Order signed August 6, 2026 and entered August 7, 2026 (ECF No. 129).[3]

12. The request is made jointly, in good faith, and not for purposes of delay.

---

[3]LR IA 6-1(a) requires that a request to extend time state the reasons for the extension and inform the court of all previous extensions of the subject deadline the court granted.

## II. Good cause

13. The single obstacle the Court identified to a settlement conference has been removed. When the parties first sought a conference in June, the Court declined to proceed without all parties present. (ECF No. 108.) ADESA had been served but had not appeared. ADESA appeared on July 13, 2026. Every identified and served Defendant is now before the Court, has conferred under Rule 26(f), and has agreed to participate in the settlement process the parties have pursued since June.

14. The posture of this case favors an early conference. The parties have met and conferred, they understand one another's positions on the schedule and on the merits, and no party has yet incurred the expense of written discovery, depositions, or expert work. A conference held now preserves resources that a later conference cannot recover.

15. Extending the deadline to file the Joint Discovery Plan and Scheduling Order to a date shortly after the conference avoids duplicative effort. If the conference resolves the action, no plan will be necessary. If it resolves the action as to some parties only, the plan the parties submit will reflect the case that actually remains. Either outcome produces a more useful filing than one prepared on the eve of a conference whose result is unknown.

16. Videoconference attendance is warranted for the party representatives. A settlement conference order ordinarily requires a party representative with full settlement authority to attend.[4] The representative with full settlement authority for Navy Federal is located in Vienna, Virginia, and the insurance representative for Speedy Recovery is located in New Jersey. The parties request the same accommodation for any representative of ADESA, and for any insurance representative whose attendance is required, who is located outside this District. Requiring travel to this District at this early stage would impose cost and burden disproportionate to any incremental benefit, and

---

[4]A settlement conference order ordinarily requires a party representative with full settlement authority to attend. Fed. R. Civ. P. 16(c)(1).

this District regularly conducts settlement conferences by video without any loss of effectiveness. Each representative will be available for the full duration of the conference and will hold complete authority to negotiate and resolve the matter as to that party. Counsel for the Defendants are able and willing to appear in person, and Plaintiff resides in this District and will appear as the Court directs.

17. The relief sought is procedural. No trial date has been set, and no other deadline in this action is affected. The request is made before the operative August 13, 2026 deadline expires and runs to a defined event followed by a fixed period.[5]

### III. Stipulated terms

**NOW THEREFORE**, the parties stipulate and agree, subject to the approval of the Court, as follows:

18. **Settlement conference.** The parties jointly request that the Court set this action for a settlement conference before a United States Magistrate Judge at the earliest date convenient to the Court, and that the Court enter its standard order governing the conference, including any requirements as to attendance, settlement authority, and confidential settlement statements. The parties will comply with that order and will make available at the conference persons with authority to settle.

19. **Remote appearance.** The parties jointly request that the party representatives of Navy Federal Credit Union, Speedy Recovery, Inc., and ADESA U.S. Auction, LLC, and any insurance representative whose attendance is required, be permitted to attend the settlement conference by videoconference. Counsel located in this District will appear in person unless the Court orders otherwise. Speedy Recovery's lead counsel, admitted pro hac vice and located in Minneapolis,

---

[5]A request made before the original period expires may be granted for good cause. Fed. R. Civ. P. 6(b)(1)(A).

Minnesota, requests leave to appear by videoconference, with local counsel appearing in person. Plaintiff will appear as the Court directs.

20. **Extended deadline.** The deadline to file the Joint Discovery Plan and Scheduling Order is extended to the date fourteen days after the conclusion of the settlement conference. If the Court declines to set a settlement conference, the deadline is extended to the date fourteen days after entry of the order declining to do so.

21. **No effect on motion briefing.** This Stipulation does not extend, toll, or otherwise affect any briefing deadline on any pending motion, including the motions to dismiss the Third Amended Complaint at ECF Nos. 112 and 118 and Plaintiff's motion for leave to file a surreply at ECF No. 123.

22. **No waiver.** No party waives any objection, defense, or argument by entering into this Stipulation. Nothing stated in connection with the settlement conference may be used for any purpose other than settlement.

23. **Effectiveness.** This Stipulation is effective upon entry of the Court's order approving it.[6]

24. **Interim relief.** Because the deadline to file the Joint Discovery Plan and Scheduling Order falls on August 13, 2026, the parties respectfully request expedited consideration. If the Court has not ruled on this Stipulation by August 13, 2026, the parties alternatively request that the deadline be temporarily extended until the Court rules and, if the requested relief is denied, until three business days after entry of that order or such other date as the Court directs.

**IT IS SO STIPULATED.**

DATED this 10th day of August, 2026.

---

[6]A stipulation relating to proceedings before the Court is not effective until approved by the Court. LR 7-1(b).

/s/ Jade Riley Burch
**JADE RILEY BURCH**
222 Karen Avenue, Unit 1207
Las Vegas, Nevada 89109
Email: jaderburch@gmail.com
*Plaintiff, Pro Se*

/s/ Scott R. Lachman, ESQ
**SCOTT R. LACHMAN, ESQ.**
**NICHOLAS BELAY, ESQ.**
AKERMAN LLP
1180 N. Town Center Drive, Suite 290
Las Vegas, Nevada 89144
Email: scott.lachman@akerman.com
Email: nicholas.belay@akerman.com
*Attorneys for Defendant*
*Navy Federal Credit Union*

/s/ Preandra S. Landrum, ESQ.
**PREANDRA S. LANDRUM, ESQ.**
(Admitted *Pro Hac Vice*)
BASSFORD REMELE, P.C.
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Email: plandrum@bassford.com
*Attorneys for Defendant*
*Speedy Recovery, Inc.*
**ZACHARY P. TAKOS, ESQ.**
TAKOS LAW GROUP, LTD.
1935 Village Center Circle
Las Vegas, Nevada 89134
Email: zach@takoslaw.com
*Local Counsel for Defendant*
*Speedy Recovery, Inc.*

/s/ Henry Kim, ESQ.
**HENRY KIM, ESQ.**
COZEN O'CONNOR
1180 North Town Center Drive, Suite 260
Las Vegas, Nevada 89144
Email: henrykim@cozen.com
*Attorneys for Defendant*
*ADESA U.S. Auction, LLC*

**ORDER**

Based on the parties' Stipulation, and good cause appearing,

**IT IS ORDERED** that this action is set for a settlement conference before the undersigned on _____, at _____ __.m. A separate order will issue governing attendance, settlement authority, and the submission of confidential settlement statements.

**IT IS FURTHER ORDERED** that the party representatives of Navy Federal Credit Union, Speedy Recovery, Inc., and ADESA U.S. Auction, LLC, and any insurance representative whose attendance is required, may attend the settlement conference by videoconference. Counsel for those Defendants shall appear in person unless otherwise ordered.

**IT IS FURTHER ORDERED** that the deadline to file the Joint Discovery Plan and Scheduling Order is extended to the date fourteen days after the conclusion of the settlement conference. If this Order is entered after August 13, 2026, the extension shall apply *nunc pro tunc* to August 13, 2026.

DATED: _____

_____

HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**Burch v. Navy Federal Credit Union, et al.**

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, I electronically filed the foregoing **STIPULATION AND ORDER FOR SETTLEMENT CONFERENCE AND TO EXTEND DEADLINE TO FILE JOINT DISCOVERY PLAN AND SCHEDULING ORDER (Fourth Request)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this action, in accordance with Fed. R. Civ. P. 5(b)(2)(E) and LR IC 4-1.

*Jade Burch*

Jade Riley Burch
Plaintiff, Pro Se