**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jade Riley Burch,

Plaintiff,

v.

Navy Federal Credit Union, et al.,

Defendants.

Case No. 2:25-cv-01897-MMD-DJA

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

The parties stipulated to participate in a settlement conference ("SC"). (ECF No. 130, 131). Accordingly, a SC is hereby scheduled for **Wednesday, December 9, 2026, at 10:00 a.m.** The SC will be conducted remotely by video conference. To facilitate the remote SC, **the settlement statements must include an email address for each participant**. An email containing a link to attend will be provided to the parties prior to the conference.

The following requirements for the SC apply:

**1. Attendance**

- An attorney of record who will be participating in the trial of this case, all parties appearing pro se, if any, and all individual parties must be present.
- In the case of non-individual parties, counsel must arrange for a representative with binding authority to settle this matter up to the full amount of the claim to be present for the duration of the SC.
- If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim must also be present for the duration of the SC.

- The Court **will impose sanctions** to the extent a representative with binding authority to settle this matter <u>up to the full amount of the claim</u> is not present.
- A request for an exception to the above attendance requirements must be filed and served on all parties **at least 14 days** before the SC.
- An attorney of record, individual parties, a fully-authorized representative, and a fully-authorized insurance representative must appear unless the court enters an order granting a request for exception.

**2. Time Limit**

- The SC will be limited to three (3) hours.

**3. Request to Reschedule**

- Any requests to reschedule the SC must be submitted at least one (1) week in advance of the scheduled date and provide a detailed reason for the request.

**4. Settlement Conference Statement**

- In preparation for the SC, the attorneys for each party, and the parties appearing pro se, if any, must submit a confidential written evaluation statement for the court's *in camera* review.
- The evaluation statement must comply with **Local Rule 16-6(f)** by doing the following:
    - Identify by name or status the person(s) with decision-making authority who, in addition to the attorney, will attend the early neutral evaluation session as representative(s) of the party, and persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the early neutral evaluation session or the prospects of settlement;
    - Describe briefly the substance of the suit, addressing the party's views on the key liability and damages issues;

  - Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;
  - Include copies of documents, pictures, recordings, etc. out of which the suit arose, or whose availability would materially advance the purposes of the evaluation session (e.g., medical reports, documents by which special damages might be determined);
  - Discuss the strongest and weakest points of your case, both factual and legal, including a candid evaluation of the merits of your case;
  - Estimate the costs (including attorney's fees and costs) of taking this case through trial;
  - Describe the history of any settlement discussions and detail the demands and offers that have been made and the reason settlement discussions have been unsuccessful; and
  - Certify that the party has made initial disclosures under Fed. R. Civ. P. 26(a)(1) and that the plaintiff has provided a computation of damages to the defendant under Fed. R. Civ. P. 26(a)(1)(A)(iii).
- In addition to the information required by LR 16-6, **<u>the following information must be contained in the SC Statement</u>**:
  - The first paragraph of the statement must contain the names, titles and email addresses of ALL attendees along with a statement of their limit(s), if any, to settle.
  - The entire SC Statement **must not exceed 50 pages – including exhibits**. The more concise the writing and more focused the exhibits, the better the undersigned will be served in understanding the case.
  - The exhibits should not include any items available on the docket – citation to the ECF No. will suffice.

  - If the exhibits include deposition transcripts, then they should only be excerpts with highlights on the specific statements you seek to underscore.
  - History of settlement negotiations, if any, prior to the SC.
  - The final paragraph must contain the opening offer or demand you will make at the SC with supporting explanation.
- The written settlement statements must be submitted by email to DJA_Settlement@nvd.uscourts.gov by **4:00 p.m. on Wednesday, December 2, 2026.**
- Do not deliver or mail them to the clerk's office. Do not serve a copy on opposing counsel.
- The purpose of the settlement statement is to assist the undersigned in preparing for and conducting the SC. To facilitate a meaningful session, your utmost candor in providing the requested information is required.
- The written settlement statements will not be seen by or shared with the district judge or magistrate judge to whom this case is assigned. The settlement statements will be seen by no one except the undersigned.
- Each statement will be securely maintained in the undersigned's chambers and will be destroyed following the closure of the case.

**5. Sanctions**

- Failure to comply with the requirements set forth in this order will subject the non-compliant party to sanctions under Local Rule IA 11-8 or Federal Rule of Civil Procedure 16(f).

///

///

///

**6. Electronic Devices**

- RECORDING THE SC PROCEEDINGS IS EXPRESSLY PROHIBITED. Electronic devices are permitted and may be viewed while the Court is caucusing with the other parties.

DATED: September 1, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE